UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

LEVI WHITE,

    Plaintiff,

v.

DIVERSIFIED CONSULTANTS, INC.,

    Defendant.

CASE NO.:  1:18-cv-00021-JRH-BKE

Honorable J. Randal Hall
Magistrate Judge Brian K. Epps

**DEFENDANT DIVERSIFIED CONSULTANTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

**COMES NOW** Defendant, **DIVERSIFIED CONSULTANTS, INC.,** hereinafter referred to as "Defendant", by and through the undersigned counsel, and hereby files this, their Answer and Affirmative Defenses to Plaintiff's First Amended Compliant, and in support thereof would state as follows:

**JURISDICTION**

1. Defendant admits that this is an action pursuant to 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331, but denies any wrongdoing and/or that Plaintiff has any right to relief herein and demands strict proof thereof.

2. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 2 of Plaintiff's First Amended Complaint and therefore, denies the same for the present time and demands strict proof thereof.

1

## PARTIES

3. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 3 of Plaintiff's First Amended Complaint and therefore, denies the same for the present time and demands strict proof thereof.

4. Defendant admits that it has offices at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, FL 32256. Defendant also admits that in certain instances, it may be considered a "debt collection company" as the term "debt collector" is defined by 15 U.S.C. §1692a(6). However, Defendant lacks sufficient knowledge to admit or deny the allegation that it is a "debt collection company" in the present case, and further states that this allegation calls for a legal conclusion regarding the definitions of the cited statute. Therefore, Defendant denies the same for the present time and demands strict proof thereof. All remaining allegations in Paragraph 4 of Plaintiff's First Amended Complaint are denied and Defendant demands strict proof thereof.

5. Defendant admits that its registered agent in the state of Georgia is Incorp Services Inc., located at 2000 Riveredge Pkwy NW, Ste. 885, Atlanta, GA, 30324.

6. Paragraph 6 of Plaintiff's First Amended Complaint is an incomplete sentence, simply stating "Defendant Diversified Consultants Inc. [hereinafter "DCI"]," that Defendant is unsure of how which to respond. To the extent a response is required, Defendant admits that the listed name is Defendant's corporate name and that DCI is a shorthand often used to refer to the Defendant. All remaining allegations in Paragraph 6 of Plaintiff's First Amended Complaint are denied and Defendant demands strict proof thereof.

## VENUE

7. Defendant does not contest venue. However, Defendant denies this Paragraph to the extent that it asserts Defendant has committed any wrongdoing subjecting it to the Court's venue.

8. Defendant does not contest venue. However, Defendant denies this Paragraph to the extent that it asserts Defendant has committed any wrongdoing subjecting it to the Court's venue.

## FACTUAL ALLEGATIONS

9. Defendant denies Paragraph 9 of Plaintiff's First Amended Complaint and demands strict proof thereof.

10. Paragraph 10 of Plaintiff's First Amended Complaint contains statements, citations to the TCPA and legal conclusions and does not make any allegations to which a response is required. To the extent that Paragraph 10 suggests that Defendant violated the TCPA, Defendant denies that allegation and demands strict proof thereof.

11. Paragraph 11 of Plaintiff's First Amended Complaint contains a statement, citations to and quotations from case law and legal conclusions and does not make any allegations to which a response is required. To the extent a response is required, Defendant denies that it placed any calls to Plaintiff's identified wireless phone number at any time and further denies that it uses an ATDS.

12. Defendant denies all allegations in Paragraph 12 of Plaintiff's First Amended Complaint and demands strict proof thereof.

13. Defendant denies all allegations in Paragraph 13 including subsections 1 through 78 of Plaintiff's First Amended Complaint and demands strict proof thereof.

14. Defendant denies all allegations in Paragraph 14 of Plaintiff's First Amended Complaint, specifically Defendant denies placing any calls to Plaintiff at any time.

15. Defendant denies all allegations in Paragraph 15 of Plaintiff's First Amended Complaint, specifically Defendant denies placing any calls to Plaintiff at any time.

16. Defendant admits the allegations in Paragraph 16 of Plaintiff's First Amended Complaint.

17. Defendant denies all allegations in Paragraph 17 of Plaintiff's First Amended Complaint, specifically Defendant denies placing any calls to Plaintiff at any time.

18. Defendant denies all allegations in Paragraph 18 of Plaintiff's First Amended Complaint, specifically Defendant denies placing any calls to Plaintiff at any time.

19. Defendant denies all allegations in Paragraph 19 of Plaintiff's First Amended Complaint, specifically Defendant denies placing any calls to Plaintiff at any time.

20. Defendant denies all allegations in Paragraph 20 of Plaintiff's First Amended Complaint, specifically Defendant denies placing any calls to Plaintiff at any time.

21. Defendant denies all allegations in Paragraph 21 of Plaintiff's First Amended Complaint, specifically Defendant denies placing any calls to Plaintiff at any time.

22. Defendant denies all allegations in Paragraph 22 of Plaintiff's First Amended Complaint, specifically Defendant denies placing any calls to Plaintiff at any time.

23. Defendant admits that it maintains business records, but denies that any show any calls placed to Plaintiff's identified wireless telephone number, as no calls were ever placed to Plaintiff's identified wireless telephone number by Defendant.

24. Defendant denies all allegations in Paragraph 24 of Plaintiff's First Amended Complaint, specifically Defendant denies placing any calls to Plaintiff at any time.

25. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 25 of Plaintiff's First Amended Complaint and therefore, denies the same for the present time and demands strict proof thereof.

26. Paragraph 26 of Plaintiff's First Amended Complaint is a statement and legal conclusion and does not make any allegations to which a response is required. To the extent a response is required, Defendant denies Paragraph 26 of Plaintiff's First Amended Complaint and demands strict proof thereof.

## COUNT I
## VIOLATIONS OF THE TCPA 47 § U.S.C. 227(B)(1)(A)(3)

27. Defendant reincorporates and re-alleges its responses to all paragraphs above, as if fully set forth herein.

28. Paragraph 28 of Plaintiff's First Amended Complaint is a statement and legal conclusion and does not make any allegations to which a response is required. To the extent a response is required, Defendant denies Paragraph 28 of Plaintiff's First Amended Complaint and demands strict proof thereof.

## DEMAND FOR RELIEF

Defendant denies that Plaintiff is entitled to judgment, damages, attorneys fees, costs, or interest and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1. Plaintiff's First Amended Complaint of Claim fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by the applicable statute of limitations.

3. Defendant denies any liability, however, in the event any liability is established Plaintiff has suffered no actual damages.

4. Defendant affirmatively alleges that Defendant is not liable for the alleged actions or inactions of other third parties, and/or any of their employees, agents or principals.

5. Defendant affirmatively alleges that at all pertinent times, Defendant acted in good faith reliance on the information provided by the original creditor of any account.

6. Defendant affirmatively alleges that Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate his damages with respect to the matters alleged in the First Amended Complaint.

7. Defendant affirmatively alleges that it does not utilize an "automatic telephone dialing system" as defined by the TCPA.

8. All calls by Defendant are placed using HCI ("human contact intervention") and are therefore, TCPA compliant.

9. Defendant affirmatively alleges that no calls were placed to Plaintiff's identified wireless telephone number at any time.

10. Defendant reserves the right to assert any other affirmative defenses as revealed within the discovery process.

**RESERVATION OF ADDITIONAL DEFENSES**

Defendant specifically and expressly reserves the right to amend this Answer to add, delete or modify affirmative defenses based on legal theories, facts, and circumstances which may or will be developed through discovery or further legal analysis of Plaintiff's claims and Defendant's position in this matter.

**WHEREFORE**, Defendant respectfully requests that this Honorable Court deny Plaintiff any relief under his First Amended Compliant, award Defendant their attorney's fees and costs, and grant all further relief as this Court deems just and equitable.

Respectfully submitted,

**/s/DuAnn Cowart Davis**
DuAnn Cowart Davis, Esq.
DuAnn Cowart Davis, P.C.
108 North Main Street Suite B
P.O. Box 415
Reidsville, GA 30453
Tel: (912) 257-4247
Fax: (912) 228-4530
duann@duanncowartdavis.com
*Attorney for Diversified Consultants, Inc.*
*Of Counsel to Victus Law*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been filed with the Clerk of Court via CM/ECF and is being served this __26th__ day of February, 2018, on the following parties, at the following addresses, in the following form:

Via first-class U.S. Mail,
Postage pre-paid:

Levi White
420 E. Boundary St., Apt. H-203
Augusta, GA 30901
*Pro Se Plaintiff*

**/s/DuAnn Cowart Davis**
DuAnn Cowart Davis, Esq.